UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL MAJOR, MARK MAJOR,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BOHRNSEN & STOWE, MAXEY LAW OFFICE, MARK D. HODGSON,<br><br>　　　　Defendants. | NO.  CV-08-269-RHW<br><br>**ORDER DISMISSING CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

Before the Court are Defendant Maxey Law Office's Motion for Summary Judgment (Ct. Rec. 40); Defendant Bohrnsen & Stowe's Motion for Summary Judgment (Ct. Rec. 45); Plaintiffs' Motion for Default Judgment (Ct. Rec. 52); and Plaintiffs' Motion for Summary Judgment (Ct. Rec. 58).  A hearing was held on the motions on March 23, 2009, in Spokane, Washington.  Plaintiffs appeared *pro se*.  Defendant Bohrnsen & Stowe was represented by Steven Stocker.  Defendant Maxey Law Office was represented by Andrew Bohrnsen.  Mark Hodgson appeared *pro se*.

The underlying theme of Plaintiffs' *pro se* complaint is that Defendants conspired to corrupt a Superior Court judge which is evidenced by the Superior Court's handling of Plaintiffs' motion for default against Hodgson and Andrew Bohrnsen's application for a temporary restraining order against Plaintiff.

At the hearing, the Court indicated that it was concerned that it did not have subject matter jurisdiction to hear this case.  Federal courts are courts of limited

**ORDER DISMISSING CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION ~ 1**

jurisdiction. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d. 1163, 1174 (9th Cir. 2002). As such, federal courts are empowered to hear only those cases that are within the judicial power of the United States as defined by the United States Constitution, and those cases that have been authorized by Congress. *Estate of Frank Branson v. Commissioner of Internal Revenue*, 264 F.3d 904, 908 (9th Cir. 2001). Because of these limits, the party initiating the suit in federal court must affirmatively allege facts in the complaint to show that the federal court has jurisdiction to hear the case. *Fifty Assocs. v. Prudential Ins. Co.,* 446 F.2d 1187, 1189 (9th Cir. 1970). The presumption is that a federal court does <u>not</u> have jurisdiction in a particular case unless it is affirmatively demonstrated in the complaint. *Id.* at 1190. Even if the parties do not address the issue of federal jurisdiction, a district court must be cognizant of whether it has the jurisdiction to hear the claim before it. *Pacific Towboat & Salvage Co. v. Interstate Commerce Comm'n*, 620 F.2d 727, 729 (9th Cir. 1980).

In this case, Plaintiffs are asserting a claim under 42 U.S.C. § 1983. In their complaint, Plaintiffs also refer to 18 U.S.C. §§ 1951, 1961, 241 and 242; 28 U.S.C. § 1341; and 42 U.S.C. 1985, 1986, and 1988.

To state a claim under section 1983, a plaintiff must allege facts showing that the defendant, acting under color of state law, deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or a federal statute. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir.1988). If Plaintiffs fail to demonstrate that the defendants acted under color of state law, Plaintiffs have failed to demonstrate a federal cause of action, and the Court would not have subject matter jurisdiction to hear this case. *See Hale v. State of Ariz.*, 993 F.2d 1387, 1398 (9th Cir. 1993). In determining whether a party has acted under color of state law, the Supreme Court has articulated a two-part test: (1) the deprivation must be caused by the exercise of some right or privilege created by the States or by a rule of conduct imposed by the State or by a person for whom the

**ORDER DISMISSING CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** ~ 2

State is responsible; and (2) the party charged with the deprivation must be a person who may fairly be said to be a state actor. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). This may be because he or she is a state official, because he or she has acted together with or has obtained significant aid from state officials, or because his or her conduct is otherwise chargeable to the State. *Id.* Here, Defendant Hodgson is a private citizen. Defendants Maxey Law Firm and Bohrnsen & Stowe are private law firms.

At the hearing the Court specifically asked Plaintiff: "What is your contention as to how these defendants acted under color of state law? That's a jurisdictional requirement."

Mr. Major replied, "Basically–and it's in my presentation and all my writing–is they used the color of the law to contravene the law. They use all the procedures of the court but in a way–an–in an illicit way."

According to Plaintiffs, this is enough to establish federal subject matter jurisdiction over Plaintiffs' claims. Contrary to Plaintiffs' position, litigants and their attorneys are not regarded as acting under color of state law, for purposes of 42 U.S.C. § 1983, by virtue of their instituting or taking part in civil actions in state court. *See Dennis v. Sparks*, 449 U.S. 24, (1980) (a party cannot be said to be acting under color of state law, for purposes of 42 U.S.C. § 1983, merely by resorting to the courts and being on the winning side of a lawsuit); *Williams v. County of Riverside*, 67 F.3d 310 (9th Cir. 1995). At best, Plaintiffs' complaint asserts conclusory allegations that a judge conspired with law firms which is insufficient to support a § 1983 claim. *Schucker v. Rockwood*, 846 F.2d 1201, 1205 (9th Cir. 1988). Invoking state legal procedures does not constitute "joint participation" or "conspiracy" with state officials sufficient to satisfy section 1983's state action requirement. The Court lacks subject matter jurisdiction over Defendants because they did not act under color of state law and Plaintiffs' allegations are insufficient to state a claim that any of the Defendants conspired

**ORDER DISMISSING CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION ~ 3**

with state actors. *Price v. State of Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991).

Moreover, a law firm cannot be liable under § 1983 for the actions of its lawyers based on a theory of respondeat superior, even if the attorneys were acting under color of state law. *See Monell v. New York City of Soc. Sev.*, 436 U.S. 658, 691 (1978).

Plaintiffs' invocation of 42 U.S.C. § 1985 does not provide this Court with federal subject matter jurisdiction because Plaintiffs do not allege facts showing class-based invidious discrimination. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). A claim can be stated under § 1986 only if the complaint contains a valid claim under § 1985. *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985). Likewise, Plaintiffs' reliance on 18 U.S.C. § 1951, 1961 is to no avail. The complaint fails to allege a civil RICO claim. 18 U.S.C. §§ 241, 242, and 1951 are criminal statutes that do not provide the basis for a federal civil lawsuit.

Because the Court does not have subject matter jurisdiction over Plaintiffs' claims, it must dismiss the action. Fed. R. Civ. P.12 (h)(3); *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009). Without subject matter jurisdiction over Plaintiffs' claims, the Court is unable to enter default judgment as requested by Plaintiffs.

Accordingly, **IT IS HEREBY ORDERED:**

1. The above-captioned case is **dismissed**, with prejudice.
2. All other pending motions are **DENIED**, as moot.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to Plaintiffs and counsel, and close the file.

**DATED** this 13th day of April, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2008\Major\dismiss.wpd

**ORDER DISMISSING CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** ~ 4