UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MICHAEL MAJOR, MARK MAJOR,

    Plaintiffs,

v.

BOHRNSEN & STOWE, MAXEY LAW OFFICE, MARK D. HODGSON,

    Defendants.

NO. CV-08-269-RHW

**ORDER DENYING PLAINTIFFS' F.O.I.A. REQUESTS; DENYING MOTION FOR RECONSIDERATION**

Before the Court are Plaintiffs' Motion for Reconsideration (Ct. Rec. 78) and Plaintiffs' F.O.I.A. Requests from Chief Judge Robert H. Whaley (Ct. Rec. 81).

**1.     Motion for Reconsideration**

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). It is considered an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*. A motion under Rule 59(e) "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

**ORDER DENYING PLAINTIFFS' F.O.I.A. REQUESTS; DENYING MOTION FOR RECONSIDERATION ~ 1**

Throughout Plaintiffs' pleadings, Plaintiffs insist that a document was removed from the Court file and rely on this impression as support for their Motion for Reconsideration. Plaintiffs are mistaken. No documents were removed from the Court file. Rather, the document Plaintiffs insist was removed is actually located in the public file under Court Record 8.

Plaintiffs filed their Complaint on August 28, 2008 (Ct. Rec. 1). On September 19, 2008, they filed two motions for default: (1) Plaintiffs' Motion for Default Judgment Against Bohrnsen & Stowe and Motion for Jury Trial to Justify Awards for Damages Requested (Ct. Rec. 8); and (2) Plaintiffs' Motion for Default Judgment Against Mark D. Hodgson and Motion for Jury Trial to Justify Awards for Damages Requested (Ct. Rec. 8-3). They also filed a Proposed Order regarding the default judgment against Defendant Bohrnsen & Stowe (Ct. Rec. 8-2). Plaintiff failed to file a notice for hearing, as required under LR 7.1(h)(1) ("Any party filing a motion shall also file a notice setting the time, date, and place for a hearing on a motion.").

Defendant Bohrnsen & Stowe filed its answer to the Complaint on September 18, 2008 (Ct. Rec. 7); Defendant Mark Hodgson filed his answer to the Complaint on September 22, 2008 (Ct. Rec. 22). On September 29, 2008, Plaintiffs filed a Notice of Withdraw of Plaintiffs' Default Motion Against Bohrnsen & Stowe (Ct. Rec. 14). As a result of this Notice, the Motion for Default Judgment (Ct. Rec. 8) was terminated.

On November 5, 2008, Plaintiffs filed a Supplemental Motion for Default Judgment Against Mark D. Hodgson and Motion for Jury Trial to Justify Awards for Damages Requested (Ct. Rec. 16). Again, Plaintiff failed to note the motion for hearing as required by the Local Rules and was notified as such by the District Court Clerk's office. On November 13, 2008, Plaintiffs filed a Notice of Hearing on the motion and set the motion for December 9, 2008. On December 12, 2008, the Court denied Plaintiffs' Supplemental Motion for Default Judgment Against

Mark D. Hodgson (Ct. Rec. 19).

The Court did not rule on the first Motion for Default for two reasons. First, it was not presented to the Court as a pending motion to be decided because it had not been filed by the Clerk's Office as a separate motion; instead it was filed as an attachment to a Motion for Default against a different Defendant. The Clerk mistakenly assumed that it was a duplicate of the first motion and docketed it accordingly. This is reflected in the Docket Text that accompanies Court Record 8.

Secondly, Plaintiff failed to file a Notice of Hearing as required by the local rules. The Notice of Hearing is necessary to inform the Court that there is a pending motion to be decided.

Regardless of the failure to note the motion, the Court would not have granted Plaintiffs' motion for default. Defendant Hodgson answered Plaintiffs' complaint and Plaintiffs were not able to demonstrate any prejudice by the late filing of the answer.

Thus, to the extent Plaintiffs are relying on their belief that a document was taken from the public record in support of their motion for reconsideration, this did not happen and is not a basis for granting the motion.

Moreover, the Court concludes that Plaintiffs have not presented the Court with newly discovered evidence, have not shown that the Court committed clear error, and have not demonstrated that there is an intervening change in the controlling law. As such, Plaintiffs' Motion for Reconsideration is denied.

**2. Plaintiffs' F.O.I.A. Requests**

Plaintiffs have filed a Freedom of Information Act request. The courts of the United States are excluded from the Freedom of Information Act, 5 U.S.C. 551(1)(B). As such, Plaintiffs' F.O.I.A. Requests from Chief Judge Robert H. Whaley is denied.

///

**ORDER DENYING PLAINTIFFS' F.O.I.A. REQUESTS; DENYING MOTION FOR RECONSIDERATION ~ 3**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Reconsideration (Ct. Rec. 78) is **DENIED**.

2. Plaintiffs' F.O.I.A. Requests from Chief Judge Robert H. Whaley (Ct. Rec. 81) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to Plaintiffs and counsel, and close the file.

**DATED** this 19th day of May, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2008\Major\reconsider.wpd

**ORDER DENYING PLAINTIFFS' F.O.I.A. REQUESTS; DENYING MOTION FOR RECONSIDERATION** ~ 4